# EDWARD T. SEARS v. PRESTON O. LEWIS.
## —357 S. W. (2d) 839.

Eastern Section. October 21, 1961.

Certiorari Denied by Supreme Court February 8, 1962.

Timberlake, Brown, Curtis & Summar, Chattanooga, for plaintiff in error.

Noone, Moseley & Noone, Chattanooga, for defendant in error.

McAMIS, P. J. Preston O. Lewis sued Edward T. Sears for personal injuries and property damages grow-

ing out of a collision between the automobiles of the parties on July 25, 1959. Sears filed a cross action.

The two automobiles were proceeding in opposite directions on a three-lane highway which at the point of collision may be considered as running north and south. White delineations marked the three separate lanes of travel. The original plaintiff, Lewis, was proceeding south in the middle lane attempting to overtake and pass a truck at the time of collision. Just prior to the collision Sears was in the east lane going north. The jury found in favor of Lewis thereby sustaining his insistence that Sears suddenly and without warning moved from the esat lane into the middle lane. Judgment was entered in favor of Lewis for $4000.00 and, in a separate judgment, the cross action was dismissed.

Defendant and cross plaintiff Sears has appealed complaining of the charge and the refusal of the court to grant a new trial because one of the jurors failed to disclose her relationship to one of the counsel for Lewis. It is not insisted that there is no material evidence to sustain the verdict and judgments. In disposing of the assignments the original plaintiff Lewis will be referred to as plaintiff and Sears as defendant.

The first assignment of error is directed to the failure of the court to charge in its entirety T. C. A. sec. 59-819 providing:

"No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free from oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be com-

pletely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the right hand side of the roadway before coming within one hundred (100) feet of any vehicle approaching from the opposite direction.''

Defendant, both in his cross declaration and in his special plea to plaintiff's declaration, relied upon a violation of the foregoing statute. His complaint under the first assignment of error is that, in explaining to the jury his insistence that plaintiff had violated it in moving into the middle lane in passing the truck, the Court read the statute down to the last portion of the last sentence but omitted the words ''of any vehicle approaching from the opposite direction''.

At the conclusion of the charge defendant's counsel submitted to the Court the following request:

''It is my impression that the Court in reading section 59-819 of T. C. A. inadvertently stopped with the words 'one hundred feet,' and omitted the remainder of the statute, and the entire statute should be read in context.''

The second assignment is directed to the refusal of the court to charge this request.

T. C. A. sec. 59-819 above copied was enacted as Chapter 329, Section 18, of the Acts of 1955.

By the same Act, Section 22, now T. C. A. sec. 59-823, it is provided:

"Driving on roadways laned for traffic.—Whenever any roadway has been divided into two (2) or more clearly marked lanes for traffic the following rules in addition to all other consistent herewith shall apply.

"(a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

"(b) Upon a roadway which is divided into three (3) lanes a vehicle shall not be driven in the center lane except when overtaking and passing another vehicle where the roadway is clearly visible and such center lane is clear of traffic within a safe distance, or in preparation for a left turn or where such center lane is at the time allocated exclusively to traffic moving in the direction the vehicle is proceeding and is signposted to give notice of such allocation."

It will be noted that T. C. A. sec. 59-823, Subsection (b), in express terms controls overtaking and passing on three lane highways. It is clear that the intent and purpose of T. C. A. sec. 59-819 was to prescribe generally the duties devolving upon a driver attempting to overtake and pass another vehicle while T. C. A. sec. 59-823 was designed to control such movement where the roadway has been divided into three separate lanes of travel. To give T. C. A. sec. 59-819 the construction urged would seem to completely emasculate Subsection (b) of T. C. A. sec. 59-823 and it seems to us would largely if not entirely destroy the usefulness of three lane highways.

636

■ We think the two Sections must be construed pari materia and when so construed T. C. A. sec. 59-823 controls where as here the roadway is divided into three lanes.

Woody v. Cope. 207 Tenn. 78, 338 S. W. (2d) 551, dealt with the application of an ordinance prohibiting the passing of a stopped vehicle. In that case the passing was upon a multilaned road. In holding the ordinance inapplicable it was said:

"It would be utter folly to hold that it was the legislative intent to have all traffic stopped on a multilaned road when one vehicle stopped. We think the intent was to regulate traffic on two lane streets so that no driver would swerve into the path of a vehicle approaching from the opposite direction."

Something of the same reasoning is involved here. Why should a driver attempting to overtake and pass another vehicle on a three lane highway have to wait until he had determined his ability to complete the passing before coming within 100 feet of an approaching vehicle in its proper lane of travel and how would the "center of the roadway", mentioned in T. C. A. sec. 59-819, have anything to do with the situation confronting him?

■ Statutes such as here involved must be given a reasonable construction and application, and such as will facilitate rather than impede travel on the highways.

■ There would have been no error if the court had refused altogether to charge T. C. A. sec. 59-819 and we are of opinion that no prejudice resulted to defendant from the reading of the first part of the statute and the

omission of the words "of any vehicle approaching from the opposite direction". There was no prejudicial error in declining the special request.

 Under the remaining assignment of error it is insisted a new trial should be granted because Mrs. Phillips, a member of the jury, failed to disclose that she was a member of a Sunday School class taught by Mr. Moseley who represented plaintiff at the trial. We find this assignment wholly without substance for a number of reasons. Counsel for defendant were given full opportunity to examine all members of the jury on voir dire. Mrs. Phillips was asked if she was acquainted with Mr. Moseley. She answered that she was. The relationship was not further pursued by counsel as it might have been to determine any possible relationship of whatever nature between her and Mr. Moseley. It is not insisted that Mrs. Phillips concealed anything, the insistence being that she should have volunteered this information. We can not agree. In any event, it is not shown that Mrs. Phillips was in any way biased or prejudiced because of this wholesome relationship. We can not presume that she was. Certainly, she was not legally disqualified on the ground urged. It is elementary that on appeal every presumption is in favor of the judgment and the fairness of the trial.

We find no error and it results that the judgments are affirmed and all costs taxed to defendant and sureties on his appeal bond.

Hale and Cooper, JJ., concur.