REID DONALD HYATT, OLLIE CROSS and ROY WOOTEN, Plaintiffs in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

430 S.W.2d 129.

(*Knoxville,* September Term, 1966.)

Opinion filed June 5, 1967.

CONRAD FINNELL, Cleveland, for plaintiffs in error.

GEORGE F. McCANLESS, Attorney General, and ROBERT F. HEDGEPATH, Assistant Attorney General, Nashville, for defendant in error.

Mr. Justice Dyer delivered the opinion of the Court.

Reid Donald Hyatt, Mrs. Ollie Cross and Roy Wooten appeal from a conviction of transporting more than one gallon of intoxicating liquor. The jury fixed their punishment at not less than one year and one day nor more than two years in the State Penitentiary and also fined each defendant One Hundred Dollars.

This conviction is for transporting by automobile four and one half gallons of white whiskey. Under the view we take of the case it is not necessary to recite all the facts.

It is insisted these judgments should be reversed on the ground of bias and prejudice on the part of the juror, Earnest L. Johnson. This claim is based on an incident involving this juror and one of the defendants, Mrs. Ollie Cross. This case was tried in July 1966. On 20 October 1966 upon the motion for a new trial a hearing was had on this issue of bias and prejudice. The matter was more fully investigated upon a second hearing held on 3 December 1966. After the second hearing the trial judge overruled the motion for a new trial. On this issue these two hearings produced the following facts.

Mrs. Ollie Cross lived about one mile outside Benton, Tennessee and Juror Johnson lived on the same road about two and a half miles from Benton. Juror Johnson had a son-in-law, Ed Evans, who could not keep a job due to his drinking. Juror Johnson said this naturally kept him upset. About five years prior to the trial in this cause, due to a particular incident of Ed Evans again getting drunk, Juror Johnson procured a search warrant at Benton to search the premises of Mrs. Ollie Cross for liquor. At this time Juror Johnson knew Mrs. Ollie Cross as Mrs. Ollie Catt. This search warrant was executed and the next day Juror Johnson was called to come to the jail at Benton apparently for a hearing resulting from this warrant. At the jail on this day Juror Johnson saw Mrs. Ollie Cross, or as he knew her Mrs. Ollie Catt. Juror Johnson said this was the first and only time he had ever seen Mrs. Ollie Cross when he was aware who she was.

At one point in his testimony Juror Johnson said the reason he procured this search warrant was because Mrs. Ollie Cross had his son-in-law hauling whiskey. At another point Juror Johnson said if he had these places, selling his son-in-law whiskey searched, they might quit selling whiskey to his son-in-law.

Upon the trial the court asked the jury if any of them knew Mrs. Ollie Cross. Juror Johnson by his silence in effect acknowledged he did not know Mrs. Cross. Juror Johnson said his first knowledge Mrs. Ollie Cross was the same person as Mrs. Ollie Catt came during the deliberations of the jury when one of the jurors called her Ollie Catt. Juror Johnson said these facts did not in any way influence him in considering these verdicts.

Mrs. Ollie Cross said she did not recognize Juror Johnson as being the person who had procured a search warrant for her premises until after the verdict.

 This is a case where unexpected events have arisen without fault on the part of anyone. The record reflects the trial judge, prosecutor and defense counsel made diligent efforts to secure a fair and impartial jury. The record also reflects neither defendants or their counsel had knowledge of these facts in regard to Juror Johnson prior to the verdict and such was not due to any lack of diligence on their part. Even so the presence of Juror Johnson on this jury raises a reasonable doubt in our minds as to whether these defendants have been tried by a fair and impartial jury.

On this issue in *McGoldrick v. State,* 159 Tenn. 667, 21 S.W.2d 390 (1929) this Court speaking through Mr. Justice Cook said:

The defendant was entitled to a fair and impartial trial, which of course includes the selection of a fair and impartial jury to pass upon the facts. Where the jury or a juror has prejudged the case, and the knowledge of his bias or prejudice is unknown until after the verdict, the courts say it must be presumed that his prejudices enter into and become a part of the result, and for that reason the verdict should be set aside.

159 Tenn. 670, 21 S.W.2d 391.

 We think the constitutional guaranty of trial by an impartial jury requires the jury be free of even a reasonable suspicion of bias and prejudice. This record supports a finding Juror Johnson was at least hostile to the defendant Mrs. Ollie Cross.

The judgments are reversed and remanded for a new trial.

Burnett, Chief Justice, and Chattin, Creson and Humphreys, Justices, concur.