Kelvin BOWMAN, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee,
at Knoxville.

Jan. 2, 1980.

Permission to Appeal Denied by Supreme
Court April 21, 1980.

---

Peter J. Alliman, Mark E. Olive, Knoxville, for appellant.

William M. Leech, Jr., Atty. Gen., William P. Sizer, Asst. Atty. Gen., Nashville, John W. Gill, Jr., William H. Crabtree, Asst. Dist. Attys., Knoxville, for appellee.

## OPINION

TATUM, Judge.

The appellant, Kelvin Bowman, has appealed a conviction for third degree criminal sexual conduct with punishment fixed at not less than four years nor more than ten years in the State penitentiary. On this appeal, he attacks the legality of the indictment, the right of an Assistant District Attorney General to testify as a rebuttal witness, the competency of a juror, and the trial judge's jury instructions. After considering the issues, we conclude that the judgment of conviction must be affirmed.

At approximately 2:00 o'clock A.M. on the morning of June 6, 1978, the victim returned to her apartment in Knoxville. She met the defendant in a lighted area in front of her apartment and conversed with him for a short time; she was casually acquainted with him, but did not know him by name. The defendant asked permission to enter the victim's apartment for water, explaining that he was locked out of a nearby apartment where he had been staying. After they entered the apartment, the defendant locked the door; he then forced her onto a couch and raped her.

The defendant denied raping the victim. He testified that he met a friend, Stewart Lomasney, during the night and remained with him until 1:45 or 1:50 A.M. Lomasney testified that he was with the defendant until 1:30 or 1:45 A.M.

One of the two Assistant District Attorneys General, who participated in appellant's trial, testifying for the State as a rebuttal witness, said that the witness Lomasney had made a pre-trial statement in his presence. The other Assistant District Attorney General, who participated in the

trial, and Lomasney's family attorney were also present. Lomasney's pre-trial statement was to the effect that he did not know whether he was with the defendant on the night of the crime or on another night. The Assistant District Attorney General also testified in direct response to a question asked by defense counsel that he was of the opinion that Lomasney had lied on the witness stand.

The defendant insists that an Assistant District Attorney General who has participated in the trial of a case is not a competent witness. We first observe that two prosecuting attorneys were engaged in the trial of the case. The prosecuting attorney who testified did not examine or cross-examine any witness after Lomasney gave his testimony, and the record does not show that he participated in final argument. The family attorney who might have been present when Lomasney gave the pre-trial statement could not be brought to court in time to give his testimony.

 The general rule is, "A prosecuting attorney is competent to testify, in the discretion of the court, even though the practice is not approved except where necessary." 97 C.J.S. *Witnesses* § 113 at 522 (1957); 54 A.L.R.3rd p. 105. Although there are no reported cases directly on this proposition, there is no rule in this State which prohibits a prosecuting attorney or any other lawyer from testifying. The trial judge is a competent witness for either party in a criminal proceeding. T.C.A. § 24–107. Our cases, recognizing that witnesses will sometimes be an attorney of record, hold that an attorney who is also a witness is exempt from the operation of the rule of sequestration. *Hughes v. State*, 126 Tenn. 40, 148 S.W. 543, 556 (1912); *Wisener and Brown v. Maupin*, 61 Tenn. 342, 357 (1872); Higgins & Crownover, *Tennessee Procedure in Law Cases*, § 1195 (1937); Caruther's *History of a Lawsuit*, § 330 (8th ed. 1963). The proposition was presented to another panel of this court in *Roy Powell v. State*, No. 529, Knox County, filed January 29, 1979 at Knoxville (unreported) in which this court, speaking through Judge Daughtrey, said:

. . . Defense counsel objected to the prosecutor's testimony on the grounds that he was not listed on the indictment as a witness and that he had not been subject to the rule of sequestration invoked at the beginning of the trial. Of course, neither of these grounds has any application to a rebuttal witness, and the trial judge correctly overruled the objection. *Aldridge v. State*, 4 Tenn.Cr.App. 254, 470 S.W.2d 42 (Tenn.Crim.App.1971); *Bryant v. State*, 503 S.W.2d 955 (Tenn. Crim.App.1973). While the prosecutor's conduct was not strictly in conformity with the Code of Professional Conduct, Canon 5, D.R. 105, see generally *Annotation*, 54 A.L.R.3rd 100, § 5a, we know of no legal authority for reversing the conviction based on the trial court's discretionary decision to permit testimony by the rebuttal witness in question, especially where the necessity of the testimony was not forseeable (sic) prior to trial.

An attorney should withdraw the trial of a case when he foresees before trial that he will be a witness. D.R. 5–101(B), D.R. 5–102, Canon 5, Code of Professional Responsibility. When the need for an attorney to testify is brought about by testimony of other witnesses during trial, as occurred here, then the competency is discretionary with the trial court. We do not find that the trial judge abused his discretion in this instance.

 Moreover, the defendant waived any objection he might have had to the competency of the Assistant District Attorney General as a witness. No objection was made when the Assistant District Attorney General was offered as a witness. The defendant cross-examined the witness at length, and after he was excused, objection was first made. The law does not permit a litigant to remain silent during the testimony of an incompetent witness then later interpose an objection when the witness's testimony is determined to be unfavorable. The defendant should object to an incompetent witness's testifying when the witness is first offered. *McCormick v. State*, 135 Tenn. 218, 186 S.W. 95, 96 (1916).

While the Assistant District Attorney General's opinion evidence that the witness Lomasney had lied was incompetent, it was in direct response to a question asked by the defendant on cross examination. In *State v. Becton*, 66 Tenn. 138, 141 (1874), the Supreme Court held, ". . . a party cannot be permitted to ask a question, taking the chance of getting an answer for his benefit, and when he finds it against him, object to the matter thus brought out. He cannot thus experiment with a court." Also see *Arp v. Wolfe*, 49 Tenn.App. 294, 354 S.W.2d 799, 803 (1957).

■ The defendant contends that he was tried by a jury in contravention of Article I, Section 9 of the Tennessee Constitution in that one of the jurors was an acquaintance of the Assistant District Attorney General who testified as a rebuttal witness. Only a portion of the voir dire examination of the juror is included in the record; this portion reflects a full disclosure to the defendant by the juror that she knew the Assistant District Attorney General socially, and they had visited in each other's homes over the years. We further glean from the incomplete record that the juror was a friend of the Assistant District Attorney General's ex-wife, from whom he was divorced at the time of trial.

Though defense counsel did not exhaust his peremptory challenges, he made no attempt to challenge the juror either for cause or peremptorily. However, the defendant insists that when the Assistant District Attorney General testified as a rebuttal witness, this rendered the juror disqualified *propter affectum*, citing *Hyatt v. State*, 221 Tenn. 644, 647, 430 S.W.2d 129 (1967); *Toombs v. State*, 197 Tenn. 229, 270 S.W.2d 649 (1954); and *Durham v. State*, 182 Tenn. 577, 188 S.W.2d 555 (1945). These cases reversed convictions when members of the jury did not disclose either a close personal relationship with the victim of a crime or bias and prejudice. In the case *sub judice*, a full disclosure was made by the prospective juror on voir dire examination. The burden is on the defendant to demonstrate that the juror was in some way biased or prejudiced because the Assistant District Attorney General testified. *Clariday v. State*, 552 S.W.2d 759, 772 (Tenn.Cr.App.1976); *McGregor v. State*, 491 S.W.2d 619, 624 (Tenn.Cr.App.1972); *Sears v. Lewis*, 49 Tenn.App. 631, 357 S.W.2d 839, 842 (1961). No proof was offered to indicate that the Assistant District Attorney General's giving rebuttal testimony caused the juror to be biased or prejudiced. The juror certainly was not legally disqualified, and we find no inherent prejudice. This contention of the defendant is without merit.

The defendant next insists that the trial judge's instruction relating to his alibi evidence did not conform to the requirements of *Christian v. State*, 555 S.W.2d 863 (Tenn. 1977). This question was not raised at trial and was not assigned as error in the Motion for a New Trial; the issue is made for the first time in the appellate brief. For this reason, review of this issue is precluded. Rule 36(a), T.R.A.P.; *Mattress v. State*, 564 S.W.2d 678, 681 (Tenn.Cr.App.1977); *Ellis v. State*, 544 S.W.2d 908, 911–12 (Tenn.Cr. App.1976).

The defendant finally complains that the indictment did not adequately inform him of the charge and that the court permitted an amendment of the indictment.

■ The indictment returned by the Grand Jury, in regular and proper form, is written on one page; it plainly charges the defendant with third-degree criminal sexual conduct. On the back of the paper upon which the indictment is written, there appears an endorsement, "Criminal Sexual Conduct—First Degree." The endorsement is not a part of the indictment returned by the Grand Jury and is of no legal significance. Any amendment permitted to the endorsement is not an amendment to the indictment and, thus, is without consequence. Meeting all statutory and constitutional requirements, the indictment itself was not amended and is couched in clear and plain language. There is no merit in this issue.

It results that the judgment of the lower court is affirmed.

WALKER, P. J., and DUNCAN, J., concur.