**STATE of Tennessee, Appellee,**

v.

**James WEBSTER, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Nov. 7, 1984.

Permission to Appeal Denied by Supreme Court March 11, 1985.

William M. Leech, Jr., Atty. Gen. & Reporter, Ann Lacy Johns, Asst. Atty. Gen., Nashville, Phyllis Gardner, Asst. Dist. Atty. Gen., Memphis, for appellee.

Walker Gwinn, Asst. Public Defender, Memphis, for appellant.

## OPINION

O'BRIEN, Judge.

Defendant was indicted by the Shelby County Grand Jury on separate indictments for common assault, and for malicious mischief. In a jury trial he was acquitted on the assault charge and found guilty of malicious mischief. The trial judge fixed his sentence at nine months to be served in the Shelby County Correctional Center, plus a Fifty Dollar ($50) fine.

Three issues are raised on this appeal for our consideration: (1) the sufficiency of the evidence; (2) the effectiveness of defendant's privately retained trial counsel; (3) whether defendant's pro se motion indicates plain, prejudicial error. We first consider the sufficiency of the evidence.

James Webster and his wife, Gladys, were divorced in 1978 after an apparently stormy marriage of many years duration. The divorce did not settle their differences. On June 13, 1982 Gladys Webster was staying, at least temporarily, at the home of Allen Edward Simmons. Well on toward midnight Mr. Webster called the Simmons residence, inquiring if his ex-wife was

there. The record indicates that he and Simmons engaged in a somewhat heated conversation. The following morning James Webster and Gladys Webster had a telephone conversation which he concedes was instigated by him. After some talk about a recording he had taped on his telephone, she first agreed, then subsequently declined, to go to her own residence, where he was staying, to listen to the tape. This conversation, too, developed into a rather argumentative exchange between the two and, according to her, which he denied, he informed her he was coming to the Simmons residence. When the phone call was concluded she left the house. Shortly thereafter, an across-the-street neighbor, John Wiles, observed an individual, whom he identified as defendant, drive up in a jeep, walk into the Simmons' yard, and slash the tires on a pick-up truck parked there. He then picked up an object from the yard and proceeded to beat in an air conditioner located in the house window. He walked around behind the house where he was out of sight for a few minutes, re-appeared, got in his vehicle, and drove away. According to Simmons when he returned home that evening he observed the four tires on his pick-up truck had been slashed, the back of his air conditioner had been knocked in, and the tires on a boat trailer had been slashed. It was not until he received a subsequent phone call from Mr. Webster that he became aware that his boat motor had been damaged also. James Webster made a general denial of the charges against him and offered an explanation of the turbulent relationship which had existed between him and Gladys Webster both before and subsequent to their divorce.

◼ When the sufficiency of the evidence is challenged the determinative question is whether a rational fact finder could find an accused guilty beyond a reasonable doubt. There is no requirement that the State's proof be uncontroverted or perfect. *State v. Williams*, 657 S.W.2d 405, 410 (Tenn.1983). It is the duty of the jury to reconcile conflicts in the testimony, if they can do so with reason and truth. If there are irreconcilable conflicts in the testimony, the jurors are to say who and what is to be believed. *Withers v. State*, 523 S.W.2d 364, 369 (Tenn.Cr.App.1975). It is not the function of this Court to reweigh the evidence at a criminal trial. A guilty verdict, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the theory of the State. *State v. Hatchett*, 560 S.W.2d 627, 630 (Tenn.1978). The evidence was sufficient in this case to allow a rational trier of fact to find defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). T.R.A.P. Rule 13(e).

◼ On the effectiveness of defendant's trial counsel, it is argued that counsel was ineffective because he did not take the stand to say he had seen the witness, John Wiles, in the courtroom during a prior court proceeding. In the motion for new trial defense counsel declared he was ineffective because he did not understand at trial that he could have testified for his client. The argument is made that Wiles was able to identify defendant only because his wife had pointed him out to the witness in the courtroom on the prior occasion and this was a material fact about which counsel's failure to testify constituted ineffective assistance under the standards of *Baxter v. Rose*, 523 S.W.2d 930 (Tenn.1975). We disagree with that assessment. The testimony of defense counsel at trial was neither professionally nor factually appropriate. Tennessee Supreme Court Rule 8, Canon 5, EC 5–9, states what we consider to be the proper approach to the issue:

"Occasionally a lawyer is called upon to decide in a particular case whether he will be a witness or an advocate. If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the

lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively."

■ Although there is no prohibition against an attorney testifying in a case, *Bowman v. State*, 598 S.W.2d 809, 811 (Tenn.Cr.App.1980), it is a practice which should not be engaged in except under the most exceptional circumstances. It is a matter which is discretionary with the trial judge. Defendant testified that at his City Court arraignment he was pointed out to the witness, John Wiles. Wiles, on the otherhand, testified that he had not seen defendant in City Court. Defense counsel filed an affidavit to defendant's motion for new trial that he had seen Mr. Wiles in the City Courtroom on June 28, 1982, in company with at least one of the complaining witnesses. There was nothing in the affidavit to indicate he had observed any of the witnesses pointing out defendant to Wiles, or anything of that nature. Under the circumstances his evidence was not material and its omission was not error. The trial judge expressed a similar view and it is not the function of this Court to second guess him in that regard. The trial judge found defense counsel's representation to be thorough and capable throughout the trial, and we concur in that conclusion.

■ We are asked to consider defendant's pro se statement which is incorporated in a brief filed by him in this Court. We have read this document at length. It contains a prolonged attack setting forth many examples of what defendant terms to be perjury on the part of his ex-wife, and the other witnesses who testified against him. These charges are not supported by the record. He has made an orchestrated attack against his retained trial counsel, the member of the Public Defender's staff who represented him at trial, the prosecuting attorney, each of the witnesses who testi-

fied against him, and the trial judge. We have examined each of these charges, and after due consideration we find them to be without merit.

The judgment of the trial court is affirmed.

DAUGHTREY and CORNELIUS, JJ., concur.