**WHALLEY DEVELOPMENT CORPORATION and the Professional Group Realtors, Inc., Plaintiffs–Appellants,**

v.

**FIRST CITIZENS BANCSHARES, INC., P.T. Grantham, Stephen Anderson, and Associated Realty Services, Inc., Defendants–Appellees.**

Court of Appeals of Tennessee, Western Section.

March 12, 1992.

Application for Permission to Appeal Denied by Supreme Court June 1, 1992.

Lanier Fogg, Memphis, for plaintiffs-appellants.

Stephen D. Wakefield, Bradley E. Trammell, Memphis, Charles Cary, Bolivar, for defendants-appellees.

FARMER, Judge.

The plaintiffs appeal from the trial court's order granting defendants' motion to disqualify plaintiffs' attorney. The appeal is by permission pursuant to Rule 9 T.R.A.P.

In August 1989 plaintiffs, Whalley Development Corporation and The Professional Group Realtors, Inc., filed suit against defendants First Citizens Bancshares, Inc. (hereinafter the "Bank"), P.T. Grantham, Stephen Anderson, and Associated Realty Services, Inc., for fraud and breach of contract based on defendants' failure to pay plaintiffs a real estate commission. Plaintiffs contended that they had an oral agreement with the defendants under which the plaintiffs would be paid a 10% real estate

commission if they produced a purchaser. Plaintiffs further contended that they did produce a purchaser, the defendant P.T. Grantham, but that the Bank refused to pay the agreed commission.

In January 1991, the defendants filed a motion to disqualify plaintiffs' trial counsel on the basis that defendants planned to call plaintiffs' attorney, Lanier Fogg, as a witness and that Fogg's testimony would be prejudicial to his clients (citing *State v. Browning*, 666 S.W.2d 80 (Tenn.Crim.App. 1983)). In the alternative, defendants argued that Fogg was a material witness as to contested issues in the litigation and, therefore, as trial counsel he could not properly be a witness as to those issues (citing *Boyd v. Boyd*, 680 S.W.2d 462 (Tenn.1984)). The trial judge granted the motion and disqualified Fogg from representing plaintiffs at trial.

Prior to filing this lawsuit on behalf of plaintiffs, Fogg had conversations with attorneys representing two of the defendants, Grantham and the Bank, in which Fogg attempted to obtain a commission for his clients. The content of these conversations is disputed, and defendants argue that Fogg ought to testify on behalf of his clients as to these matters at trial.

The first such conversation, which occurred about August 23 or 24, 1989, was with an attorney for the Bank, J. William Pierce, Jr. In his deposition, Fogg claimed that Pierce informed him during this conversation that the plaintiffs would receive a 3% commission per the Bank's instructions. Pierce, on the other hand, contended that he informed Fogg that the Bank would not pay a real estate commission to anybody except the defendant Associated Realty Services, Inc. It is uncontroverted that Fogg appeared at the closing and demanded a commission of 3%.

The second conversation was with Charles M. Cary, the attorney for defendant P.T. Grantham. On August 23, 1989, Fogg telephoned Cary to inform him that Fogg's clients were claiming a 10% commission and to request assistance in obtaining the commission. Cary stated that, during this conversation, Fogg made no statement that he would seek to recover a judgment for the commission against Cary's client, Grantham. Fogg maintained, however, that he told Cary he would be looking to everybody involved for his clients' commission. In any event, it is undisputed that on August 24, 1989, Cary sent a letter by fax to the Bank's attorney, Pierce, referencing Cary's August 23 conversation with Fogg and informing Pierce that Fogg's clients were claiming a 10% commission. In the letter, Cary also requested that Grantham be indemnified as to any cause of action brought against him for a real estate commission.

■■■ Under the Code of Professional Responsibility, Rule 8, Rules of the Supreme Court, when an attorney foresees before trial that he ought to be called as a witness to testify as to disputed issues on behalf of his client, the attorney should withdraw from the trial of the case. DR 5–102(A); *Bowman v. State*, 598 S.W.2d 809, 811 (Tenn.Crim.App.1980). On the other hand, if the attorney learns he will be called as a witness by opposing counsel, the attorney may continue to represent his client until it becomes apparent that his testimony is or may be prejudicial to his client. DR 5–102(B); *State v. Browning*, 666 S.W.2d 80, 87 (Tenn.Crim.App.1983).

The Code explains the ethical considerations involved when an attorney serves as both advocate and witness:

Occasionally a lawyer is called upon to decide in a particular case whether he will be a witness or an advocate. If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of

another, while that of a witness is to state facts objectively.

EC 5–9.

■ While the Code does not prohibit absolutely an attorney to testify at a trial where he is also serving as an advocate, such practice should only be permitted under the most exceptional circumstances. Normally, this decision lies within the discretion of the trial judge. *State v. Webster,* 688 S.W.2d 460, 463 (Tenn.Crim.App. 1984). When faced with this issue, however, the trial judge and the attorney should resolve any doubts "in favor of the lawyer testifying and against his becoming or continuing as an advocate." EC 5–10.

■ Initially, we find that any dispute as to the conversation between Fogg and Cary is insufficient to require Fogg's disqualification. The suit against defendant Grantham, Cary's client, is predicated on Grantham's failure to deal with the plaintiffs fairly and in good faith and his failure to perform necessary acts for the plaintiffs to obtain their commission. The defendants argue that, because the plaintiffs' claim against Grantham is predicated on his failure to deal in good faith with the plaintiffs, notice to Grantham that the plaintiffs were seeking a commission from him becomes an issue at trial. Defendants have failed to cite any authority for this proposition.

■ Even if notice becomes an issue at trial, we are not convinced that Fogg should testify on behalf of his clients as to this matter. Based upon Cary's letter to the Bank's attorney, Pierce, it is apparent that Grantham knew the plaintiffs were claiming a commission and that their claim might result in a lawsuit against Grantham. Under the Code, an attorney who is a potential witness may still serve as an advocate at trial "if it is unlikely that he will be called as a witness because his testimony would be merely cumulative or if his testimony will relate only to an uncontested issue." EC 5–10.

■ The conversation between Fogg and Pierce presents a more difficult question. After the defendants filed their motion to disqualify Fogg as plaintiffs' counsel, plaintiffs filed a motion in limine requesting the trial court to prohibit defendants from submitting any proof regarding Fogg's request at the August 25, 1989, closing for a 3% commission. The basis for plaintiffs' motion was that the action of plaintiffs' counsel in requesting a 3% commission at the closing was in connection with settlement negotiations and, therefore, inadmissible under T.R.E. 408. In a separate order, the trial judge denied plaintiffs' motion in limine, and this order has not been appealed.

The defendants have stated their intention to call the former attorney for the Bank, Pierce, to testify that Fogg demanded only a 3% commission at closing. The defendants claim this testimony is relevant to the issue of damages in showing that, even if the plaintiffs are entitled to a commission, they are only entitled to 3% and not the 10% for which plaintiffs sued. In denying plaintiffs' motion in limine, the trial judge has refused to exclude this testimony from evidence at trial. Once the defendants offer testimony as to this matter, it seems apparent to this Court that Fogg should testify on behalf of his clients as to why he was requesting only a 3% commission at closing when his clients are claiming 10% at trial. Fogg's testimony that the Bank, through its attorney Pierce, agreed to pay a 3% commission may be favorable to plaintiffs in that the testimony evidences an acknowledgement by the Bank that it was responsible for payment of some commission. Fogg is the only witness who can testify as to this statement.

Additionally, in their motion to disqualify, defendants stated their intention to call Fogg as a witness at trial. If Fogg testifies concerning his conversation with Pierce, such testimony may become prejudicial to plaintiffs in that the alleged conversation and Fogg's subsequent actions indicate that the Bank agreed to pay a commission of only 3% and that the plaintiffs appeared willing to accept this amount.

■ We are mindful that courts should be reluctant to disqualify a litigant's coun-

sel of choice and should grant disqualification motions sparingly. After reviewing this matter, however, we cannot find that the trial judge abused his discretion in disqualifying plaintiffs' attorney from conducting the trial in this case.

The judgment of the trial court is affirmed. Costs of this appeal are taxed to the appellants for which execution may issue if necessary.

CRAWFORD and HIGHERS, JJ., concur.