IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 9, 2001 Session

## KIMBERLY LYNN FOLEY CAUDILL v. WILLIAM HOWARD FOLEY

**Direct Appeal from the Chancery Court for Williamson County**
**No. 23856      Russ Heldman, Chancellor**

—————————

**No. M2000-01512-COA-R3-CV - Filed August 21, 2001**

—————————

This appeal arises from an action seeking attorney's fees from a previous child custody action. After divorce, Mother was awarded custody of Child. Upon remarrying, Mother sought to move to Florida with Child. Father protested and sought primary custody of Child. Judge, finding the child relocation statutes unconstitutional, awarded Father custody. Mother hired Lawyer for an appeal of this ruling. While this appeal was pending, Father brought suit for child support. Lawyer sought recusal of Judge due to previous contact between them when Judge was an attorney. Judge refused to recuse himself and disqualified Lawyer. This action was appealed. While this appeal was pending, the child custody appeal was decided by this court and Child was returned to Mother's custody. Mother brought action in the trial court seeking fees from this first trial and appeal which Judge denied. Mother appealed this denial, with the result that the failure of Judge to recuse, the disqualification of Lawyer and the attorney's fees appeals were consolidated before this court. We affirm in part and reverse in part.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in part;**
**Reversed in part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS and HOLLY K. LILLARD, J.J., joined.

John D. Kitch, Nashville, Tennessee, for the appellant, Kimberly Lynn Foley Caudill.

Edward P. Silva, Franklin, Tennessee, for the appellee, William Howard Foley.

### OPINION

In 1996, Kimberly Lynn Foley Caudill was divorced from William Foley and granted custody of the parties' minor child. In 1998, Ms. Caudill remarried and filed a motion with the

trial court seeking to relocate to Florida with the child in order to live with her new husband.[1] Mr. Foley asked the court to deny the motion, or, in the alternative, grant him primary custody of the minor child. The trial court subsequently found the statute granting parties permission to move under certain conditions unconstitutional.[2] As a result, the court removed the child from Ms. Caudill's custody and granted Mr. Foley primary custody. Ms. Caudill appealed this ruling. For matters pertaining to her appeal, she hired John Kitch. Mr. Kitch had previously tried several cases in which Judge Heldman was opposing counsel.[3]

While an appeal dealing with child custody matters was before this court, several child support obligation issues were brought by Mr. Foley before Judge Heldman. Ms. Caudill immediately filed a motion seeking recusal of Judge Heldman on the basis that he was biased towards her appellate counsel, Mr. Kitch.[4] Judge Heldman denied the recusal request and disqualified Mr. Kitch from acting as Ms. Caudill's attorney. Ms. Caudill filed an appeal on this matter.

While this appeal was pending, this court decided the child custody matters and remanded that case to the trial court. Ms. Caudill then filed a motion requesting attorney's fees, expenses and discretionary costs for the trial and appeal on the child custody issues. The trial court denied the motion and Ms. Caudill appealed this decision. The recusal appeal and the attorney's fees appeal were consolidated before this court.

The issues, as presented by the Appellant, are as follows:

I.    Did Judge Heldman commit reversible error in refusing to recuse himself from the case based upon his prior relationship with counsel for Ms. Caudill?

II.   Did Judge Heldman commit reversible error in disqualifying counsel for Ms. Caudill?

III.  Did Judge Heldman commit reversible error in refusing to award attorney's fees for the initial trial and appeal?

---

[1] Ms. Caudill's new husband worked in Florida.

[2] The Honorable Russ Heldman was presiding judge in this case.

[3] All of these cases were tried before Judge Heldman's election to the 21st Judicial District.

[4] Ms. Caudill claimed that Judge Heldman's bias arose from his previous experiences with Mr. Kitch. Specifically, Ms. Caudill argued that on one occasion, Judge Heldman, while still a practicing attorney, filed a motion for sanctions against Mr. Kitch stating that he had filed documents with the court for an improper purpose.

To the extent that these issues involve questions of fact, our review of the trial court's ruling is *de novo* with a presumption of correctness. *See* Tenn. R. App. P. 13(d). Accordingly, we may not reverse the court's factual findings unless they are contrary to the preponderance of the evidence. *See, e.g., Randolph v. Randolph*, 937 S.W.2d 815, 819 (Tenn. 1996); Tenn. R. App. P. 13(d). With respect to the court's legal conclusions, however, our review is *de novo* with no presumption of correctness. *See, e.g., Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999); Tenn. R. App. P. 13(d).

## Recusal of Judge Heldman

> Given the importance of impartiality, both in fact and appearance, decisions concerning whether recusal is warranted are addressed to the judge's discretion, which will not be reversed on appeal unless a clear abuse appears on the face of the record. *See State v. Hines,* 919 S.W.2d 573, 578 (Tenn. 1995). A motion to recuse should be granted if the judge has any doubt as to his or her ability to preside impartially in the case. *See id.* at 578. However, because perception is important, recusal is also appropriate "when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Alley v. State,* 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994). Thus, even when a judge believes that he or she can hear a case fairly and impartially, the judge should grant the motion to recuse if "the judge's impartiality might reasonably be questioned." Tenn. Sup. Ct. R. 10, Canon 3(E)(1). Hence, the test is ultimately an objective one since the appearance of bias is as injurious to the integrity of the judicial system as actual bias. *See Alley,* 882 S.W.2d at 820.

*Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564-65 (Tenn. 2001).

Ms. Caudill claims that Judge Heldman bore her attorney, Mr. Kitch, "personal ill-will" and questioned his "personal credibility and veracity" in several cases in which the two men served as opposing counsel in the late 1980's and early 1990's. As a result, Ms. Caudill requested Judge Heldman's recusal. While Judge Heldman stated several times in court that he did not have a personal bias or prejudice against Mr. Kitch, the test of a judge's impartiality is ultimately an objective test and requires this court to examine the appearance of bias.

Upon our review, we find that Judge Heldman's refusal to recuse himself is not a clear abuse of discretion. It is this court's judgment that no objective person could reasonably question Judge Heldman's bias towards Mr. Kitch for actions which took place several years before while both men were serving as opposing counsel. While it is clear that Mr. Kitch feels that Judge Heldman is biased towards him, his personal feelings have no bearing on whether Judge Heldman should recuse himself. Indeed, if this court were to accept Mr. Kitch's arguments in this matter, Judge Heldman would always be required to recuse himself from any case in which Mr. Kitch served as counsel due to his perceived "ill-will." Such a result, in effect,

would allow parties to simply hire Mr. Kitch and thus always avoid having a matter presided over by Judge Heldman. We affirm Judge Heldman's decision not to recuse himself from this case.

## Disqualification of Mr. Kitch

> A trial court has a broad range of options available to insure that its proceedings are fair both in appearance and in fact. Disqualifying an attorney is the most drastic. *Schiessle v. Stephens,* 717 F.2d 417, 420 (7th Cir. 1983); *Burnette v. Morgan,* 303 Ark.150, 794 S.W.2d 145, 147-48 (1990). It invariably causes delay, increases costs, and deprives parties of counsel of their choice. Courts should, therefore, disqualify counsel with considerable reluctance and only when no other practical alternative exists. *Board of Educ. v. Nyquist,* 590 F.2d 1241, 1246 (2d Cir. 1979).

*Lemm v. Adams*, 955 S.W.2d 70, 74 (Tenn. Ct. App.1997) (*quoting In re Ellis,* 822 S.W.2d 602, 605 (Tenn. Ct. App. 1991); *accord Whalley Dev. Corp. v. First Citizens Bancshares, Inc.,* 834 S.W.2d 328, 332 (Tenn. Ct. App.1992) (noting that trial courts "should be reluctant to disqualify a litigant's counsel of choice and should grant disqualification motions sparingly").

In the case currently before us, the trial court disqualified Mr. Kitch on the basis of his "testifying as a witness both by affidavit and orally at a May 18, 1999, hearing on Plaintiff's[, Ms. Caudill's,] motion for recusal and the fact that he knew, believed or was aware that he would be called as a witness in the Plaintiff's behalf." After an examination of the record, we can find no instance when Mr. Kitch testified as a witness at the May 18, 1999, hearing. At that hearing, Mr. Kitch was acting merely as an advocate for his client and the only questions that he answered were inquires of the court in that capacity. Mr. Kitch did submit an affidavit in support of Ms. Caudill's motion for recusal, but the testimony contained therein was not disputed issues which related to Ms. Caudill's action. As a result, we find that the trial court had no objective basis to disqualify Mr. Kitch from acting as Ms. Caudill's attorney in this matter. The trial court's order disqualifying Mr. Kitch is hereby reversed.

## Attorney's Fees

Section 36-5-103(c) of the Tennessee Code states:

> The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any

-4-

subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

Tenn. Code Ann. 36-5-103(c)(Supp. 2000).

Ms. Caudill argues that the trial court has the authority, under section 36-5-103(c) of the Tennessee Code, to award attorney's fees for both her initial trial and appeal. Even assuming, *arguendo*, that Ms. Caudill is correct, it is clear this section provides the trial court with discretion in awarding these fees. Accordingly, a "trial court has wide discretion, and the appellate court will not interfere unless there has clearly been an abuse of that discretion." *Garfinkel v. Garfinkel*, 945 S.W.2d 744, 748 (Tenn. Ct. App. 1996) (citations omitted). Upon our review of this case, we cannot say that the trial court abused its discretion in failing to award attorney's fees.[5] As such, we hereby affirm its ruling denying Ms. Caudill's request for attorney's fees.

## Conclusion

Based on the foregoing conclusions, we hereby reverse the trial court's disqualification of Mr. Kitch from serving as Ms. Caudill's attorney. Judge Heldman's refusal to recuse himself and the court's refusal to award Ms. Caudill's attorney's fees are hereby affirmed. Costs on appeal are taxed equally to Appellant, Kimberly Lynn Foley Caudill, and Appellee, William Howard Foley, and their sureties, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[5]We stress that this court has not decided that the trial court had the proper authority under any Tennessee statute to award attorney's fees for the first trial and appeal.