IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 7, 2020 Session

## JAMES HOWELL ET AL. v. LEE R. MORISY M.D. ET AL.

**Appeal from the Circuit Court for Shelby County
No. CT-005250-15  Gina C. Higgins, Judge**

_____

### No. W2020-00343-COA-R9-CV

_____

In this Tennessee Rule of Appellate Procedure 9 interlocutory appeal, we address whether the trial court erred in applying Tennessee Rule of Professional Conduct ("RPC") 1.7 in determining whether Appellants' law firm had a concurrent conflict of interest. Because a law firm may not cure a concurrent conflict by withdrawing from representing a client to avoid a conflict of interest with another client, we conclude that the trial court properly applied RPC 1.7. We also conclude that the trial court properly considered alternatives to disqualification.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court
Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Katherine M. Anderson and Zachary A. Kisber, Memphis, Tennessee, for the appellants, Lee R. Morisy, and Drs. Morisy and Wood, PLC.

Gary K. Smith and C. Philip M. Campbell, Memphis, Tennessee, for the appellees, James Howell and Amy Howell.

## OPINION

On January 21, 2015, Dr. Lee Morisy, a member of Drs. Morisy and Wood, PLC (together with Dr. Morisy, "Appellants"), performed colon resection surgery on James Howell (together with his wife, Amy Howell, "Appellees"). Mr. Howell was discharged from the hospital on January 24, 2015. However, on January 26, 2015, he returned to the hospital and was placed in the ICU with a suspected leak at the site of the anastomosis

(the reattachment point of Mr. Howell's colon). Dr. Morisy ordered a drain to be placed and opted for a "wait and see" approach. As Mr. Howell's condition deteriorated, his wife requested that Dr. Morisy be removed from the case and replaced with another surgeon. Mr. Howell's case was transferred to Dr. Mark Miller ("Dr. M. Miller").

Dr. M. Miller determined that Mr. Howell's condition was life-threatening and surmised that he needed emergency surgery. Before the surgery could proceed, Dr. M. Miller ordered dialysis. Dr. M. Miller performed the surgery the next day. In his report of the operation, Dr. M. Miller stated that, throughout Mr. Howell's abdomen, he found "massive amount of peritonitis with interloop abscesses . . . ," which he opined resulted from the original surgery performed by Dr. Morisy. Although Mr. Howell survived, he suffered a series of complications, including sepsis, which required additional emergency surgery and long-term ICU treatment.

On December 29, 2015, the Howells filed suit against Appellants. Katherine M. Anderson, an attorney with the Baker Donelson firm, represented Appellants. During the pendency of the Howells' case, on April 4, 2016, Ms. Anderson entered a notice of appearance to represent Dr. M. Miller in another unrelated case, ***Kintner v. Miller***, which was filed in the Shelby County Circuit Court.

In December 2016, Ms. Anderson was granted leave to meet with Dr. M. Miller, *ex parte*, to discuss his role in the instant case. Dr. M. Miller later testified that during this meeting, he informed Ms. Anderson that he was of the opinion that Dr. Morisy deviated from the standard of care in his treatment of Mr. Howell. Ms. Anderson did not disclose any conflict.

Dr. M. Miller was deposed on March 13, 2017. At that time, Dr. M. Miller was not expected to provide expert testimony in this case. As such, at his deposition, he rendered no opinion concerning Dr. Morisy's alleged deviation from the standard of care; rather, he testified only as to Mr. Howell's condition and the need for immediate surgery.

Following additional discovery, the Howells identified Dr. Richard Miller ("Dr. R. Miller"), a Vanderbilt surgeon and no relation to Dr. M. Miller, as an expert. Dr. R. Miller opined that Dr. Morisy deviated from the standard of care in treating Mr. Howell. Appellants identified two experts, Dr. Guy Voeller and Dr. Stephen Behrman. In their respective depositions, Drs. Voeller and Behrman testified that Dr. M. Miller, as the treating surgeon, was wrong on various issues. After Drs. Voeller and Behrman gave testimony that conflicted with Dr. M. Miller's, the Howells identified Dr. M. Miller as an expert on the standard of care.

On December 13, 2018, Ms. Anderson took Dr. M. Miller's (who was still her client in ***Kintner***) deposition as an adverse witness for the Appellants, who were also her clients. Dr. M. Miller testified that he would opine that Dr. Morisy deviated from the

standard of care in treating Mr. Howell. At the time of his deposition, Ms. Anderson had obtained (on or about December 10, 2018) a waiver of conflict of interest signed by Dr. M. Miller.

On December 28, 2018, the Howells filed a motion *in limine* to preclude defense counsel from impeaching Dr. M. Miller and attached Dr. M. Miller's affidavit, wherein he allegedly revoked his earlier waiver of the conflict of interest. In support of their motion, the Howells relied on Rule of Professional Conduct 1.7, discussed *infra*. On January 4, 2019, Ms. Anderson withdrew from representing Dr. M. Miller in **Kintner**. In view of her withdrawal, and still relying on Dr. M. Miller's waiver of conflict, Ms. Anderson argued that there was no conflict of interest.

The trial court convened a hearing on January 8, 2019. At the hearing, Sam Blair, a Baker Donelson attorney, argued that the issue of conflict should be analyzed under RPC 1.9, discussed *infra*, because Dr. M. Miller was a "former" client of the firm. On January 28, 2019, the trial court entered an order denying the Howells' motion *in limine*, wherein it held that Baker Donelson had a "concurrent and proximate conflict of interest." As such, the trial court disqualified Baker Donelson from representing Appellants. By order of February 14, 2020, the trial court denied Appellants' motion for reconsideration, and they moved for Tennessee Rule of Appellate Procedure 9 interlocutory appeal on February 25, 2019. By order of February 21, 2020, the trial court granted the Rule 9 appeal. By order of May 11, 2020, this Court granted interlocutory appeal, and certified the following issues for review:

> Whether the conflict at issue is a concurrent conflict governed by Tennessee Rule of Professional Conduct 1.7, and whether the trial court properly considered alternatives to disqualification.

We note that, in their petition for interlocutory appeal, Appellants sought certification of six issues; however, this Court certified only the issues set out above. "Under Rule 9 of the Tennessee Rules of Appellate Procedure, the issues in a Rule 9 interlocutory appeal are limited to the questions that are certified by the trial court in its order granting permission for the appeal and also certified by the appellate court in its order granting permission for the appeal." **Shaffer v. Memphis Airport Auth.**, No. W2012-00237-COA-R9-CV, 2013 WL 209309, at *3 (Tenn. Ct. App. Jan. 18, 2013) (citing **In re Bridgestone/Firestone**, 286 S.W.3d 898, 902 (Tenn. Ct. App. 2008)). So, to the extent Appellants attempt to argue issues that were not specifically certified, we will not address those arguments and will limit our review to the certified questions, *supra*.

The Tennessee Supreme Court has outlined the standard of review pertaining to conflicts of interest and disqualification of attorneys, to-wit:

- 3 -

A trial court's ruling on attorney disqualification, or the vicarious disqualification of that attorney's firm, will be reversed only upon a showing of an abuse of discretion. ***State v. Culbreath***, 30 S.W.3d 309, 312-13 (Tenn. 2000); *accord **State v. Tate***, 925 S.W.2d 548, 550 (Tenn. Crim. App. 1995); ***Whalley Dev. Corp. v. First Citizens Bancshares, Inc.***, 834 S.W.2d 328, 331-32 (Tenn. Ct. App. 1992). A trial court abuses its discretion whenever it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." ***State v. Shirley***, 6 S.W.3d 243, 247 (Tenn. 1999).

***Clinard v. Blackwood***, 46 S.W.3d 177, 182 (Tenn. 2001).

Turning to the record, in its January 28, 2020 order the trial court held that

a concurrent and proximate conflict of interest exists for defense counsel Katherine M. Anderson, W. Bradley Gilmer, Zachary Kisber, and the firm of Baker, Donelson . . . due to the representation of Dr. Mark Miller (a nonparty witness) by Katherine M. Anderson and W. Bradley Gilmer in the unrelated case of <u>Kintner v Miller</u> . . . . and that Ms. Anderson, Mr. Gilmer, Mr. Kisber, and the firm of Baker, Donelson are disqualified from representation of the Defendants in this case . . . . [T]he conflict exists notwithstanding that Defense Counsel withdrew from the representation of Dr. Mark Miller.

Concerning alternatives to disqualification, in its January 28, 2020 order, the trial court rejected the Howells' argument that Appellants should be precluded from impeaching Dr. Morisy, to-wit:

(1) . . . the Plaintiffs' Motion to Preclude Defense Counsel from Impeachment of Dr. Mark Miller was not well-taken and should be denied to the extent the Plaintiffs have requested an adjudication that counsel for Defendants may not attack the opinions or the credibility of the opinions of Dr. Mark Miller at trial either through cross-examination of Dr. Mark Miller at trial, through Defendants' expert witnesses Dr. Guy Voeller or Dr. Stephen Behrman, or through Dr. Morisy himself as one of the Defendants in this case, or through any other source or by any other means;
(2) that Dr. Mark Miller should not be excluded from testifying at trial as the Defendants requested in their Cross-Motion . . . .

Thereafter, in its February 14, 2020 order denying Appellants' motion for reconsideration, the trial court rejected the alternatives to disqualification that Baker Donelson offered, to-wit:

This Court has also considered alternatives to disqualification of Baker Donelson as requested by defense counsel, but stands by its ruling disqualifying Baker Donelson under the facts and circumstances of this case. More specifically, the Court finds that retaining outside counsel will not cure the conflict which the Court has found already in place, and that an admonition will not cure the conflict. Defense counsel and the Baker Donelson firm, of which they are a part, are one and the same for purposes of this issue. Finally, the Court finds that whether Dr. Mark Miller was "not comfortable" with being cross examined by his former attorneys was not the standard the Court used to determine that a conflict existed under RPC 1.7 and in determining that the conflict could not be cured by releasing Dr. Miller as a client and then being analyzed under 1.9. The Court finds that Dr. Mark Miller revoked his consent to the conflict, and as such, the application of RPC 1.7 required disqualification of Baker Donelson. Therefore, for all the above stated reasons and the reasons stated previously by this Court, the Court stands by its ruling and denies the Motion of Defendants for reconsideration.

Finally, in its February 21, 2020 order granting interlocutory appeal, the trial court reiterated

its prior finding[] that a concurrent conflict of interest requires disqualification of the firm of Baker Donelson pursuant to Tennessee Rule of Professional Conduct ("RPC") 1.7, and that RPC 1.9 concerning former clients does not apply. The Court reiterates its prior finding[] that the withdrawal of defense counsel from representation of Dr. Mark Miller in the Kintner v. Miller case does not and did not resolve the conflict in this case, and does not and did not cause RPC 1.9 to apply rather than RPC 1.7. The Court finds that allowing attorneys of Baker Donelson to continue to represent Dr. Morisy in this case will not eliminate the problem of a concurrent conflict because it would be unfair to Dr. Morisy to eliminate or restrict the cross-examination of a witness in this case; nor would allowing attorneys of Baker Donelson to continue to represent Dr. Morisy eliminate the problem of the appearance of taint as to whether the prior representation of Dr. Mark Miller would or did influence the cross-examination of Dr. Mark Miller.

The trial court disqualified Baker Donelson and its attorneys under RPC 1.7, which provides, in relevant part:

- 5 -

RULE 1.7: CONFLICT OF INTEREST: CURRENT CLIENTS

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or
(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
(2) the representation is not prohibited by law;
(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
(4) each affected client gives informed consent, confirmed in writing.

Appellants contend that the trial court erred in applying RPC 1.7. Instead, they argue that Baker Donelson's withdrawal from its representation of Dr. M. Miller in *Kintner* negated any conflict under RPC 1.7 and required the trial court to analyze the issue under RPC 1.9, which applies to conflicts concerning former clients and outlines the "more lenient standard [that applies] to successive representation." *Garland v. Ford Motor Co.*, No. 2:12-00121, 2015 WL 1401030, at *6 (M.D. Tenn. Mar. 26, 2015). In *Garland*, the District Court addressed the same question presented here—whether RPC 1.7 or RPC 1.9 applies when a Tennessee law firm withdraws from representing a client to avoid a conflict of interest with another client. The *Garland* Court held that RPC 1.9 was not applicable in such cases because

> "courts universally hold that a law firm will not be allowed to drop a client in order to resolve a direct conflict of interest, thereby turning a present client into a former client." *El Camino Res., Ltd. v. Huntington Nat'l Bank*, 623 F. Supp. 2d 863, 868 (W.D. Mich. 2007) (collecting cases). This is commonly referred to as the "hot potato" doctrine or rule. *See Metro. Life Ins. Co. v. Guardian Life Ins. Co.*, 2009 WL 1439717, at *3 (N.D. Ill. May 18, 2009) (the doctrine prohibits an attorney from dropping a client "like a 'hot potato' when the more lucrative client [comes] along"); *Santacroce v. Neff*, 134 F. Supp. 2d 366, 367 (D.N.J. 2001) ("The 'Hot

Potato Doctrine' has evolved to prevent attorneys from dropping one client like a 'hot potato' to avoid a conflict with another, more remunerative client.").

"Pursuant to this universal rule, the status of the attorney/client relationship is assessed at the time the conflict arises, not at the time the motion to disqualify is presented to the court," for "'[i]f this were not the case, the challenged attorney could always convert a present client into a former client by choosing when to cease to represent the disfavored client." *El Camino Res.*, 623 F. Supp. 2d at 868 (quoting *Unified Sewerage Agency of Washington Co. Ore. v. Jelco*, 646 F. 2d 1339, 1345 n. 4 (9th Cir. 1981)). Thus, "[a]n attorney 'cannot avoid the . . . disqualification rule applicable to concurrent representation by unilaterally converting a present client into a former client prior to the hearing on the motion for disqualification.'" *Kruzfeldt Ranch, LLC v. Pinnacle Bank*, 272 F. 3d 635, 641 (Mont. 2012) (quoting *State Farm Mut. Auto. Ins. Co. v. Fed. Ins. Co.*, 72 Cal. App. 4th 1422, 86 Cal. Rptr. 2d 20 (1999)).

*Id.*; *accord* **Developers Diversified of Tennessee, Inc. v. The Tokio Marine& Fire Ins. Co.**, No. 3:04-CV-00015, 2019 WL 1861322 (M.D. Tenn. April 25, 2019). The holding in **Garland** is dispositive of the issue presented in this appeal. Baker Donelson could not purge its concurrent conflict by withdrawing from its representation of Dr. M. Miller in the **Kintner** case. As such, the trial court did not err in analyzing the conflict under RPC 1.7.

Concerning the second part of the certified issue, i.e., whether the trial court properly considered alternatives to disqualification, in its January 28, 2019 and February 14, 2020 orders, *supra*, the trial court rejected alternatives proposed by the Howells and Baker Donelson. In its February 21, 2020 order granting interlocutory appeal, the trial court reiterated that it

also considered alternatives to disqualification of Baker Donelson . . . but stands by its ruling disqualifying Baker Donelson under the facts and circumstances of this case. More specifically, the Court finds that retaining outside counsel will not cure the conflict which the Court has found is already in place, and that an admonition will not cure the conflict. Those alternatives would not resolve the fact that defense counsel would still be advocating against Dr. Mark Miller. . . .

The trial court's orders are clear. From its January 28, 2019, February 14, 2020, and February 21, 2020 orders, we conclude that the trial court properly considered alternatives to disqualification.

For the foregoing reasons, we affirm the trial court's order. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellants, Lee R. Morisy and Drs. Morisy and Wood, PLC, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE