James I. JOHNSON, Jr., Plaintiff–Appellee,

v.

CARGILL, INC., Defendant–Appellant.

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

Sept. 18, 1998.

Permission to Appeal Denied by Supreme Court Feb. 1, 1999.

---

Arnold A. Stulce, Jr., Stulce & Yantis, Chattanooga, and Carl E. Shiles, Spears, Moore, Rebman & Williams, Chattanooga, for Plaintiff–Appellee.

Paul Campbell, III, Campbell & Campbell, Chattanooga, for Defendant–Appellant.

## OPINION

FRANKS, J.

In this action for retaliatory discharge, the determinative issue on appeal is whether there is material evidence to support the jury's verdict awarding both compensatory and punitive damages.

Plaintiff worked at a mill owned by defendant, sustained a neck injury and filed suit for workers' compensation benefits in April of 1986. The parties settled the claim in April of 1987 with plaintiff receiving a medical impairment rating of 25% and a permanent partial disability rating of 40% to the body. In September of 1986, plaintiff was released by his physician to return to work, but with a ten-pound lifting restriction. According to plaintiff's testimony, he notified defendant of his release and restrictions but received no response. On May 26, 1987, plaintiff appeared for work at defendant's operation, and was informed that no work was available for him. On May 25, 1988, plaintiff filed a complaint for retaliatory discharge, seeking compensatory and punitive damages. As noted, the trial resulted in a jury verdict for plaintiff, which was approved by the Trial Judge.

A jury verdict will be upheld if there is material evidence to support it. T.R.A.P. 13(d). We are required to take the strongest legitimate view of the evidence in favor of the verdict, assume the truth of the evidence in support thereof, allow all reasonable inferences to sustain the verdict and disregard all to the contrary. *Hobson v. First State Bank,* 777 S.W.2d 24 (Tenn.App.1989).

A cause of action lies for retaliatory discharge based on the filing of a workers' compensation claim. *See Clanton v. Cain–Sloan Co.,* 677 S.W.2d 441 (Tenn.1984). The elements of such a claim are: (1) The plaintiff was an employee of the defendant at the time of the injury; (2) the plaintiff made a claim against the defendant for workers' compensation benefits; (3) the defendant terminated the plaintiff's employment; and (4) the claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate the employee's employment. *Anderson v. Standard Register Co.,* 857 S.W.2d 555 (Tenn.1993). The plaintiff bears the burden of proof on these elements, "including a causal relationship between the claim for workers' compensation benefits and the termination of employment." *Id.* at 558. If the plaintiff makes a *prima facie* case of retaliation, the defendant bears the burden "of proving a legitimate nonpretextual nonretaliatory reason for the discharge." *Id.* at 559. This reason may involve the employee's shortcomings, such as "unexplained tardiness, excessive absenteeism, lying as to previous compensation claims, or physical inability to do the job." *Id.*

■ In this case, plaintiff's complaint states that he "has been placed under some physical restrictions which prevent him from performing the same job as he was working prior to his sustaining the compensable worker's compensation injury." Additionally, the settlement of the original workers' compensation action states that plaintiff was "unable to return to his former job at Cargill." At trial, plaintiff testified that he felt he could do most of the job, with possible assistance in limited instances. At the time the plaintiff sought to return to work he was under a ten-pound lifting restriction that he expected to be permanent. There was conflicting testimony regarding the nature of his former job and the amount of lifting involved. Plaintiff admitted that he was occasionally required to lift one hundred pound bags as part of his duties. Considering the most favorable evidence for the plaintiff, he was unable to perform some aspects of the job without assistance.

■ The plaintiff's theory of recovery, however, is based on allegations that the defendant maintained a "light duty" policy under which injured employees were either given lighter duties or helped with their usual duties until they could return to work. Absent a contractual arrangement, an employer is under no legal duty to provide an alternative position to a disabled employee. *See Leatherwood v. United Parcel Serv.*, 708 S.W.2d 396 (Tenn.App.1985).

If defendant did maintain a light duty policy, then applying it on whether employees filed workers' compensation claims could support plaintiff's case. The plaintiff's complaint characterizes the alleged policy as follows:

> The defendant has in the past, and presently adheres to a scheme, plan or policy, whereby workers injured on the job are assigned positions that are within their physical limitations and capabilities, however limited. Such assignments are conditioned by the defendant upon such employees not filing worker's compensation claims.

The complaint further alleges that defendant applied this light duty policy in a discriminatory manner "based on the particular employee's choice between exercising and not exercising its rights under the Worker's Compensation Laws of the State of Tennessee . . ."

In support of plaintiff's theory, he describes instances of three other injured workers whom the defendant accommodated under a light duty policy. Two of these employees, however, also filed workers' compensation claims. There was no evidence concerning whether the remaining worker made a claim. One of the plaintiff's witnesses also testified about accommodation, citing these same individuals and one additional worker. He did not testify about whether the additional worker filed a claim. Thus, the record does not contain material evidence to support the claim that the defendant assigned light duty work only if employees did not file workers' compensation claims.

The lack of evidence on this theory does not necessarily establish that the plaintiff was not discriminated against. If defendant maintained a light duty policy, but refused to apply it to plaintiff, such action could support a claim. In this case the jury heard evidence of the acrimony surrounding both the filing and settling of the plaintiff's workers' compensation claim.

The record does not contain material evidence of a retaliatory discharge because there is no evidence that permanently disabled or impaired workers received light duties. Although the plaintiff did present evidence that defendant accommodated some workers during recovery, there is no evidence that this assistance was anything more than temporary. The plant superintendent stated that the plant did not take injured employees back at light duty jobs unless they would be able to perform their original jobs "within a reasonable time." Discounting this testimony, the employees cited as examples of those accommodations suffered from temporary conditions or injuries. The plaintiff admitted that at the time he sought to return to work he expected his lifting restrictions to be permanent. Plaintiff's physician did not remove the restriction until 1992, several years later.

The record does contain testimony by one witness that he helped injured workers and saw one apparently doing light duty work for an extended period. The witness testified that this worker appeared to perform lighter duties after his injury. The witness also stated, however, that he did not know if these workers were under any restrictions or other medical limitations when he observed or helped them. The worker who allegedly performed light duties for an extended period of time, testified that he received no special accommodation and did not return to work until released by his physician. Disregarding this employee's testimony, there is no other evidence of his medical limitations when he returned to work. We are constrained to say that the record does not contain material evidence to support the claim that workers who were permanently disabled from performing their jobs were given special accommodations or new assignments.

We therefore reverse the judgment and remand and dismiss this action. The costs of the appeal are assessed to appellee.

DON T. MCMURRAY, J. and WILLIAM H. INMAN, Sr.J., concur.