IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

DAVID LEE RICHARDS,                    *

     Appellant,                          *    C.C.A. # 03C01-9809-CR-00099

VS.                                    *    HAMILTON COUNTY

STATE OF TENNESSEE,                    *

     Appellee.                           *

FILED

April 1, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

## OPINION

The pro se petitioner, David Lee Richards, has filed an application for permission to appeal the trial court's order denying his motion to reopen his petition for post-conviction relief. See Tenn. Code Ann. § 40-30-217. The state has responded in opposition to the motion.

The petitioner was convicted of first degree murder and received a life sentence. The conviction and sentence were affirmed by this court on March 23, 1993. State v. David Lee Richards, No. 03C01-9207-CR-230 (Tenn. Crim. App., at Knoxville, Mar. 23, 1993). An application for Rule 11 appeal was denied on July 6, 1993. Thereafter, the petitioner filed a petition for post-conviction relief, alleging the ineffective assistance of counsel. The trial court denied relief and this court affirmed. David Lee Richards v. State, No. 03C01-9508-CR-00219 (Tenn. Crim. App., at Knoxville, Feb. 21, 1996). Rule 11 review was denied June 3, 1996.

On February 24, 1999, the petitioner filed this motion to reopen. In his motion, he alleges a new constitutional right has been established that is applicable to his case and that new scientific evidence exists which would show he is actually innocent of first degree murder.[1] See generally Tenn. Code Ann. § 40-30-217. The

---

[1] The claims in the application for permission to appeal vary somewhat from the claims in the motion to reopen. Our review will be limited to the claims as set forth in the motion to reopen. A post-conviction petition "must necessarily rest upon and be determined by the factual allegations it

trial court entered an order on the court's minutes dismissing the motion.[2]

Section 40-30-217(a), Tenn. Code Ann., provides that a petitioner may file a motion to reopen a petition for post-conviction relief only in limited circumstances: if the claim in the motion is based on a final ruling of an appellate court that establishes a constitutional right not recognized as existing at the time of the trial and retrospective application of that right is required; if the claim is based on new scientific evidence that establishes that the petitioner is actually innocent of the offense, or if the claim is based upon relief from a sentence enhanced because of a previous conviction that has subsequently been held to be invalid. Tenn. Code Ann. § 40-30-217(a). The statute further requires that the facts underlying the claim, if true, establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced. Tenn. Code Ann. § 40-30-217(a)(4). If the trial court denies the motion to reopen, the petitioner has ten days to file an application for permission to appeal to this court. This court is not to grant the application unless it appears that the trial court abused its discretion in denying the motion. Tenn. Code Ann. § 40-30-217(c).

The petitioner claims he is entitled to the benefit of a new rule of constitutional law. He first cites Pruett v. Norris, 959 F.Supp. 1066 (E.D.Ark. 1997). The Pruett case is a very complex case with several issues. The petitioner has failed to state which rule of law in the Pruett opinion is applicable to his case. Even if he had, however, the claim would fail. The statute requires that the motion be

_____

contains." Long v. State, 510 S.W.2d 83, 85 (Tenn. Crim. App. 1974). Although we are reviewing a motion to reopen, the same rationale applies.

[2]Thereafter, the clerk of the trial court sent the petitioner a letter advising him his case had been dismissed and that he had thirty days to appeal the dismissal. Under the Post-Conviction Procedure Act, however, when a trial court denies a motion to reopen, "the petitioner shall have ten (10) days to file an application in the court of criminal appeals seeking permission to appeal." Tenn. Code Ann. § 40-30-217(c).

based "upon a final ruling of an <u>appellate court</u> ....  Such motion must be filed within one (1) year of the ruling...."  Tenn. Code Ann. § 40-30-217(a)(1) (emphasis added).  First, the <u>Pruett</u> opinion is not a ruling of an appellate court.  Second, the <u>Pruett</u> opinion was released in 1997.  The motion to reopen was filed in 1999.  Thus, any claim based on <u>Pruett</u> would be barred by the statute of limitations.  <u>Id</u>.  He also contends he is entitled to the appointment of an expert under the holding in <u>Ake v. Oklahoma</u>, 470 U.S. 68 (1985).  Any claim to relief based on the ruling in <u>Ake</u> is likewise barred by the statute of limitations.  Tenn. Code Ann. § 40-30-217(a)(1).

The petitioner next claims that the trial court should have appointed an expert who would have testified that intoxication would have diminished his ability to form the mens rea necessary for a first degree murder conviction.  He contends these allegations qualify as new scientific evidence which would show he is innocent of first degree murder.  <u>See</u> Tenn. Code Ann. § 40-30-217(a)(2).  To succeed on this claim the petitioner must have "new scientific evidence that has <u>already been secured</u> and which will establish his or her actual innocence." <u>State v. Ray</u>, 984 S.W.2d 233, 238 (Tenn. Crim. App. 1998) (emphasis added).  The motion to reopen is not an avenue for obtaining discovery.  <u>Id</u>.  Because that is exactly what the petitioner proposes in his motion to reopen, the trial court did not abuse its discretion by denying the motion.

Accordingly, the petitioner's application for permission to appeal the trial court's denial of his motion to reopen is denied.  Costs shall be taxed to the state.

_____
Gary R. Wade, Presiding Judge

3

CONCUR:

_____
James Curwood Witt, Jr., Judge

_____
Norma McGee Ogle, Judge