# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

PEGGY SHEPHERD and husband,          )
REED SHEPHERD,                       )
                                     )
    Plaintiffs/Appellees,            )    Henry Circuit No. 635
                                     )
                                     )    Appeal No. **W1998-00903-COA-R3-CV**
WAL-MART STORES, INC. and            )
JAMES TRAVIS and PAUL TRAVIS,        )
Individually and d/b/a DRIVE-WAY     )
MEDIC; and THOMAS WELCH              )
                                     )
    Defendants/Appellants.           )

| FILED |
|---|
| **March 31, 2000** |
| **Cecil Crowson, Jr.** |
| **Appellate Court Clerk** |

### APPEAL FROM THE CIRCUIT COURT OF HENRY COUNTY
### AT PARIS, TENNESSEE

### THE HONORABLE C. CREED MCGINLEY, JUDGE

For the Plaintiffs/Appellees:        For the Defendants/Appellants:

Charles L. Hicks               Charles H. Barnett, III
Camden, Tennessee            Catherine B. Clayton
                                Jackson, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCURS:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS, J.

**OPINION**

This is a slip and fall case. The plaintiff fell in a store parking lot that had been recently paved. The plaintiff alleged that the parking lot was unduly slick because sand was not added to the sealant for the parking lot to aid traction. The plaintiff sued the store and the contractor that paved the lot. The jury found both defendants negligent, and allocated 80% of the fault to the store, and 20% to the contractor. The store appeals. We affirm, finding material evidence to support the jury's verdict.

On July 26, 1995, at about 2 p.m., Plaintiff Peggy Shepherd ("Shepherd") stopped to shop at the Wal-Mart in Paris, Tennessee. When she left the store about an hour and a half later, it was raining and the parking lot was wet. As she walked to her car, she lost her footing, fell, and broke her wrist. The fracture required surgery, and resulted in permanent impairment to the wrist.

Two days before Shepherd fell, an asphalt repair company, Drive-Way Medic, Inc. ("Drive-Way Medic"), hired by Wal-Mart, had applied a tar sealant to the store parking lot. Drive-Way Medic was owned by Thomas Welch ("Welch") and Paul Studo. By the time this case went to trial, Drive-Way Medic was no longer in existence and Paul Studo's location was unknown.

Shepherd and her husband filed suit against Wal-Mart, Drive-Way Medic, and the owners of Drive-Way Medic.[1] The Plaintiffs' complaint alleged that the defendants had been negligent in failing to add sand to the sealant applied to the Wal-Mart parking lot, that the lack of sand made the pavement dangerously slick, especially when wet, and that this condition caused Shepherd to fall. Shepherd sought damages for her medical bills, pain and suffering, future loss of earning capacity, and loss of enjoyment of life. Shepherd's husband sought damages for loss of consortium.

In its answer, Wal-Mart denied that it was negligent, and asserted that Shepherd failed to keep a proper lookout. In the alternative, Wal-Mart asserted that the negligence of Drive-Way Medic and Thomas Welch was the cause of Mrs. Shepherd's injury.

Welch's answer denied that he was negligent. Welch alleged that Shepherd's negligence caused her injury, and asserted that Wal-Mart had refused to purchase sand for the sealant.

---

[1]Shepherd initially filed suit against an employee of Drive-Way Medic, believing him to be the owner of the business. The complaint was later amended to sue the true owner, Welch, and a non-suit was filed on the claims against the employee.

A jury trial was held on April 21 and 22, 1998. The Plaintiffs argued that Welch's failure to add sand to the sealant was a deviation from standard industry practice, and constituted negligence. The Plaintiffs also argued that Wal-Mart, knowing that sand would improve traction, deliberately chose not to add sand to the sealant because it would have cost more to do so.

The Plaintiffs called Welch as a witness. Welch acknowledged that Drive-Way Medic had not added sand to the sealant applied to the parking lot. Welch maintained that standard industry practice does not require that sand be added. Welch testified that, although he always advises customers to add sand, the customer makes the ultimate decision about whether to include sand in the sealant. Welch testified that he participated in a three-way telephone conversation with Wal-Mart's Facilities Maintenance Manager, Shelli Craig ("Craig"), and Drive-Way Medic's salesman, Jay Travis. Welch said either he or Travis recommended that Wal-Mart add sand to the sealant for an additional 1¢ per foot cost. Welch said that they told Craig that the purpose of the sand was to improve traction, but she refused it. Welch testified that Craig:

> … asked "What did that do?" We told her, "It improves the traction; it's an additive for tractability." And she asked "Did it improve the sealing–or the tracking into the store; does it have anything to do with the tracking into the store?" And we said "No, it did not." She said, "We don't need that."

Welch said that Craig's primary concern was that paving material would be tracked into the store and into customers' cars. He said after they told Craig that sand would not do anything to help prevent tracking, she said that she "didn't think it would be necessary."

The Plaintiffs also called Harvey Frederick Waller ("Waller"), an expert on asphalt paving, who testified that tar sealants are used primarily to improve the appearance of asphalt, and to help protect pavement from damage from oil, grease, and oxidation. Waller said that the standard practice in the industry is to add sand to sealants, and that if sand were not added, the sealant would make the pavement slick. He said that, under the conditions present when Shepherd fell, the pavement would have been "very slick" and hazardous. Waller testified that he would never apply a sealant to a public parking lot without mixing sand in it.

At trial, Wal-Mart did not dispute that the sealant had made the pavement slick, and that the failure to add sand constituted negligence. It argued that Drive-Way Medic, not Wal-Mart, was

2

negligent in failing to add sand. Wal-Mart emphasized that it had relied on the expertise of Drive-Way Medic to apply the sealant correctly. Wal-Mart argued that Drive-Way Medic's failure to add sand was a deviation from standard practice and a breach of its contract, which required Drive-Way Medic to pave the lot in "accord with standard practices." Wal-Mart maintained that it had not known that sand was needed to improve traction, nor had it known that Drive-Way Medic chose not to add sand to the sealant. Wal-Mart argued that it could not be held responsible for the negligence of an independent contractor.

Craig testified for Wal-Mart, as the facilities maintenance manager responsible for contracting with Drive-Way Medic. She asserted that no one at Drive-Way Medic offered sand as an option, or told her that sand was needed for tractability. She said that all her conversations were with Jay Travis, and that she had never talked to Welch. She acknowledged that she refreshed her recollection of her conversations with Travis by referring to notes entered into her computer.

The manager of the Wal-Mart store, Joe James ("James"), also testified. He said that representatives of Drive-Way Medic never discussed anything about sand or safety issues with him. He testified that his conversations with Drive-Way Medic employees involved Wal-Mart's concerns about tracking and Drive-Way Medic's schedule for applying the sealant. He acknowledged that on the day Shepherd fell, the parking lot was wet and slick.

At the conclusion of the testimony, Wal-Mart asked for a directed verdict that Wal-Mart was not negligent. This was denied. The trial court instructed the jury that it had ruled as a matter of law that Drive-Way Medic was an independent contractor, and that neither defendant was responsible for the negligence of the other. The trial court instructed the jury to consider the negligence of each defendant independently.

After deliberation, the jury returned a verdict for the Plaintiffs, awarding Shepherd $150,000 for her injuries and awarding her husband $10,000 for his loss of consortium claim. The jury found that Wal-Mart was 80% at fault, Welch, d/b/a Drive-Way Medic, was 20% at fault, and that Shepherd had 0% fault. The trial court entered the jury's verdict. From this order, Wal-Mart now appeals.

Wal-Mart states that the issue on appeal is "Whether the premises owner can be held liable for the negligence of the independent contractor." Wal-Mart argues that there was no evidence from

3

which a reasonable jury could find Wal-Mart negligent, and that the trial court erred in submitting the case to the jury, "after granting a directed verdict holding that Wal-Mart is not liable for the actions of the independent contractor."

Indeed, the trial court held that neither defendant was responsible for the other's negligence, and instructed the jury to consider each defendant's negligence independently. The jury allocated fault separately. Therefore, we consider the jury's verdict under these circumstances.

Our review of this case is governed by Tennessee Rule of Appellate Procedure 13(d), which states that "findings of fact by a jury in civil actions shall be set aside only if there is no material evidence to support the verdict." This is a highly deferential standard of review, requiring us "to take the strongest legitimate view of the evidence in favor of the verdict, assume the truth of all the evidence in support thereof, allow all reasonable inferences to sustain the verdict and disregard all to the contrary." *Johnson v. Cargill, Inc.*, 984 S.W.2d 233, 234 (Tenn. Ct. App. 1998)(citing *Hobson v. First State Bank*, 777 S.W.2d 24 (Tenn. Ct. App. 1989)). Therefore, we consider on appeal whether there was material evidence to support the jury's allocation of 80% fault to Wal-Mart.

Wal-Mart argues that there is no evidence from which the jury could find that Wal-Mart was negligent. However, at trial, Welch testified that he and Jay Travis recommended to Sherri Craig that Wal-Mart purchase sand to add to the sealant for the store's parking lot, and that Craig decided not to add the sand, based on the additional cost involved, and the fact that it would not help prevent the sealant from being tracked into the store and into customers' cars. Craig denied that any such conversation took place.

When considering an appeal from a jury verdict, this Court does not seek to evaluate the credibility of the witnesses. *Joyner v. Taylor*, 968 S.W.2d 847, 849 (Tenn. Ct. App. 1997)(quoting *Witter v. Nesbit,* 878 S.W.2d 116, 121 (Tenn. Ct. App. 1993)). It was within the jury's purview to determine the credibility of these witnesses. Welch's account, if taken as true, would support a finding that Wal-Mart refused the offer of sand, knowing that it would have improved the traction of its parking lot. This is material evidence sufficient to support the jury's finding that Wal-Mart was negligent, and 80% at fault. Therefore, we cannot conclude that the trial court erred in entering judgment in accordance with the jury's verdict.

The decision of the trial court is affirmed.  Costs on appeal are taxed to the Appellant, Wal-Mart Stores, Inc., for which execution may issue, if necessary.

_____**HOLLY KIRBY LILLARD, J.**

**CONCUR:**

_____
**W. FRANK CRAWFORD, P. J., W.S.**

_____
**ALAN E. HIGHERS, J.**