IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

## SHERRIE GRAHAM FARVER v. DR. KENNETH CARPENTER

**Direct Appeal from the Circuit Court for Anderson County**
**No. 98LA0168     Hon. James B. Scott, Jr., Circuit Judge**

_____

**No. E1999-01840-COA-R3-CV - Decided June 23, 2000**

_____

The Trial Court approved plaintiff's verdict for damages. On appeal, defendant seeks dismissal of the action on grounds there was insufficient evidence to submit to the jury or a new trial because the verdict is excessive.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

FRANKS, J., delivered the opinion of the court, in which GODDARD, P.J., joined, and SWINEY, J., dissented.

Edward A. Slavin, Jr., St. Augustine, Florida, for Plaintiff-Appellee.

James G. O'Kane, Baker, McReynolds, Byrne, O'Kane, Shea & Townsend, Knoxville, for Defendant-Appellant.

**OPINION**

Plaintiff is a former employee of U.S. Department of Energy (DOE) contractor Lockheed Martin in Oak Ridge, and the defendant, a psychiatrist, performed an evaluation of plaintiff at DOE's behest. Plaintiff sued defendant, alleging he misdiagnosed her as paranoid and delusional, which she averred caused her to lose her security clearance and resulting damages.

From 1987 to 1999, plaintiff worked at the Y-12 and K-25 plants, where she was allegedly exposed to radiation and toxic chemicals, which caused her to suffer physical illness. In January of 1997, plaintiff participated in a security interview with a DOE examiner regarding an upgrade of her security clearance. She was then asked to consent to a psychiatric evaluation and

defendant was instructed to evaluate her to "determine whether, in your professional opinion, she has an illness or mental condition which causes or may cause a significant defect in her judgment or reliability." Following an interview and psychological screening test, defendant sent a report to DOE which opined that plaintiff had a paranoid delusional disorder and needed additional psychiatric treatment and medication, and that he "would be concerned about her in a security setting because of her poor common sense, logic and judgment, and because of her paranoid delusion symptoms." This report was sent to DOE on March 1, 1997, and plaintiff's security clearance was revoked approximately one month later.

This case was tried before a jury who returned a verdict in the amount of $600,000.00 which was approved by the Trial Judge, and defendant has appealed.

First, defendant argues that plaintiff did not present competent, material evidence that defendant's breach of the standard of care was the proximate cause of plaintiff's injuries. The Tennessee malpractice statute requires plaintiff to prove that she suffered injuries which would not otherwise have occurred as a proximate result of defendant's negligence, which evidence must be established by expert testimony. Tenn. Code Ann. §29-26-115. In this case, plaintiff's expert testified that defendant breached the standard to care by failing to seek external corroboration of plaintiff's claims of DOE conspiracy and cover-up before classifying her as paranoid and delusional. Plaintiff's expert further testified that he had also evaluated plaintiff, and after seeking corroborative information, had determined that she was neither paranoid nor delusional. Plaintiff's expert was then asked whether defendant's breach of standard care had harmed plaintiff, and he responded "certainly being labeled as she was would certainly have an impact on her security clearance which would impact on her livelihood."

During cross-examination, plaintiff's expert was asked about certain portions of the report of the DOE hearing examiner. Plaintiff's expert testified that he was aware that the hearing officer indicated reliance on testimony from plaintiff's own psychologist, as well as her statements made in the personal security interview, in making his determination. He conceded that he did not know the role defendant's report played in the revocation of her security clearance.

Defendant argues that plaintiff's proof does not meet the requirements of Tenn. Code Ann. §29-26-115. This provision requires proof that is required in any negligence case, i.e., causation in fact, and proximate or legal cause. *See Camper v. Minor*, 915 S.W.2d 437 (Tenn. 1996). Causation in fact has been defined as "but for" causation, as in the injury would not have occurred but for the negligence of defendant. *Kilpatrick v. Bryant*, 868 S.W.2d 594 (Tenn. 1993). It is well settled that an injury can have more than one proximate cause, and if plaintiff establishes that defendant is responsible for any one of the alleged proximate causes, an issue for jury determination is present. *Stokes v. Leung*, 651 S.W.2d 704 (Tenn. Ct. App. 1982).

There is material evidence that defendant's report was a cause in fact of plaintiff's security clearance revocation. Defendant was asked by DOE to evaluate plaintiff in relation to her potential clearance upgrade, and to render an opinion as to whether or not she had a "mental condition which causes or may cause a significant defect in her judgment or reliability."

Defendant's report portrayed plaintiff as a person with paranoid delusions in need of further psychiatric treatment and medication, and a probable security risk. Defendant argues that the statements made by plaintiff in the personal security interview were also a cause of her clearance revocation, but the clearance was not revoked until shortly after defendant's report was received, although the security interview had been several months previously. Whether the clearance revocation would have occurred but for the defendant's negative report, was an issue for the jury to determine. *See Carney v. Goodman*, 270 S.W.2d 572 (Tenn. Ct. App. 1954). The hearing officer stated that he considered and relied upon defendant's report, and material evidence supports the finding, that defendant's report was a cause of the revocation of plaintiff's security clearance. Causation questions are "fact-sensitive" and must be determined "in light of logic, common sense, policy, and precedent." *Burgess v. Harley*, 934 S.W.2d 58, 68 (Tenn. Ct. App. 1996). Further, it has been held that unless undisputed facts permit a reasonable person to reach only one conclusion, the issue of causation must be resolved by the jury. *Id. See also McClenahan v. Cooley*, 806 S.W.2d 767 (Tenn. 1991). We conclude plaintiff met her burden on the issue of causation.

Defendant argues that plaintiff's expert, Dr. Patterson, should not have been allowed to testify because he did not demonstrate that he was familiar with the standard of care in the community in which defendant practices or a similar community, as required by Tenn. Code. Ann. §29-26-115. At the outset, we note the familiar rule that requires no citation gives trial judges broad discretion in determining the qualifications of an expert witness. Defendant's counsel claims to have objected on this basis during the trial, and was overruled, but a review of the purported objections leave considerable doubt as to whether the Trial Court could have possibly ever determined what the actual basis of the objection was and whether the objection, in fact, touched on this issue at all.

The defendant is correct in that Dr. Patterson's testimony at trial does not set forth the factual basis for his assertion that he was familiar with the applicable standard of care. Defendant did not, however, object when Dr. Patterson stated that he was familiar with the standard of care, and the later objections were so vague and ambiguous (general "lack of foundation, lack of qualifications") that the Trial Court would have understood the objections to have been dealing with any number of issues.

A thorough review of the transcript in this case demonstrates that defendant never actually questioned Dr. Patterson's ability to testify as to the standard of care. The defendant knew that Dr. Patterson was plaintiff's proposed expert, and took Dr. Patterson's discovery deposition. In a hearing on pre-trial motions, defendant's counsel asked the Trial Court to allow defendant to question Dr. Patterson regarding the identity of doctors he had spoken to in Knoxville in researching the standard of care, since, at the deposition, Dr. Patterson would not reveal their identity. The Trial Court then told defendant's counsel that he could ask Dr. Patterson those questions during the course of the trial and the Court would require Dr. Patterson to disclose that information.

At trial, defendant's counsel did not question Dr. Patterson on that issue, nor any issue regarding his familiarity with the standard of care. While it is true that the plaintiff bears the burden of establishing that her expert is competent, when Dr. Patterson was offered and testified that he was familiar with the standard of care, the defendant did not at that time object nor seek to *voir*

*dire* the witness on his qualifications. We conclude in the context of this trial, that the defendant waived the right to question the competency of this expert witness on appeal. *See Bowman v. State*, 598 S.W.2d 809 (Tenn. Crim. App. 1980); *State v. Killebrew*, 760 S.W.2d 228 (Tenn. Crim. App. 1988).

This issue is resolved against the defendant.

Finally, defendant argues there was no material evidence to support the jury's award of $600,000.00 in compensatory damages. Plaintiff sought damages for lost income, employability, pain and suffering, and loss of reputation. In defendant's Motion for a New Trial, he did not seek a remittitur, but argued the jury's verdict was so high as to be the result of passion and prejudice. The Trial Court's approval of a jury verdict requires this Court when the verdict is questioned, to review the record to determine whether there is any material evidence to support it, and if there is material evidence, the verdict will not be disturbed. *Overstreet v, Shoney's, Inc.*, 4 S.W.3d 694 (Tenn. Ct. App. 1999). We are required to give full faith and credit to all evidence in the record which tends to support the award, allowing all reasonable inferences to sustain the verdict and disregard all that are contrary. *Poole v. Kroger Co.*, 604 S.W.2d 52 (Tenn. 1980); *Johnson v. Cargill, Inc.*, 984 S.W.2d 233 (Tenn. Ct. App. 1998).

Plaintiff was earning approximately $20,000.00 when she was fired and was working part-time. She testified that she was subjected to embarrassment due to the revocation of her clearance, and she was forced to wonder about the status of her job for nearly two years and opined that she had no further career in radiation protection. She testified that the ordeal affected her marriage and reputation. She is 45 years old and other employees testifying on her behalf stated that without a security clearance it would be very difficult to get another DOE position. The jury and Trial Judge saw and heard the witnesses, and we cannot say the evidence preponderates against the finding of the jury, as approved by the Trial Judge.

We affirm the judgment of the Trial Court and remand, with cost of the appeal assessed to appellant.